UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
JAN 1 5 2014
PER_____
DEPUTY CLERK

ALFONSO PERCY PEW,

    Plaintiff

v.  :  CIVIL NO. 3:CV-12-1984

R.N. L. HARRIS, et al.,  :  (Judge Kosik)

    Defendants

## MEMORANDUM

This matter proceeds on a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by Alphonso Percy Pew. At the time, he was confined at the State Correctional Institution at Frackville, Pennsylvania. He has since been transferred to SCI-Rockview. Named as Defendants are individuals Pew designates as Registered Nurses Harris and O'Donnell, who appear to be employees at SCI-Frackville at the relevant time. Also named as a Defendant is Corizon, Inc., the medical service provider for certain Pennsylvania correctional institutions, including SCI-Frackville. Presently pending before the court are Pew's motions to amend/correct the complaint (Doc. 28) and for reconsideration of the denial of appointment of counsel (Doc. 36.) For the reasons that follow, the motion to amend/correct will be granted and the motion for reconsideration will be denied.

I. **Background**

Service of the complaint was directed on Defendants on October 10, 2012. (Doc. 7.) Corizon waived service and thereafter filed a motion to dismiss the complaint. Corizon's motion was granted, and said Defendant dismissed from this action on July 24, 2013. (Doc. 26.)

Service of the complaint was returned unexecuted with respect to Defendants Harris and O'Donnell in that the Waivers were mailed to Corizon, Inc. Thereafter, counsel for Corizon, Inc. notified the court that Harris and O'Donnell were not Corizon employees. (Doc. 13.) As such, an order was issued directing Pew to provide the court with addresses where said Defendants could be served. (Doc. 26.) In the same order, a motion seeking the appointment of counsel filed by Pew was also denied without prejudice. On August 1, 2013, Pew sent a letter to the court providing the address of the Pennsylvania Department of Corrections in Mechanicsburg, Pennsylvania, for service of the Waivers on Defendants Harris and O'Donnell. On the same date, Pew also filed a motion seeking to amend/correct his original complaint. (Doc. 28.)

On August 5, 2013, an order was issued directing the United States Marshal to serve the Defendants at the new address provided by Pew. (Doc. 31.) On August 7, 2013, Pew filed a motion seeking reconsideration of the denial of his request for counsel. (Doc. 36.) On August 16, 2013, the Waivers of Service were again returned

2

unexecuted. (Doc. 40.) In reviewing the docket, it appears the United States Marshal inadvertently re-served the complaint on Defendants at the Corizon, Inc. address. (Id.)

At the present time, service has not yet been achieved on the two remaining Defendants (Harris and O'Donnell). In addition, Pew's motions to amend/correct the complaint and for reconsideration of the denial of counsel are pending before the court.

I. **Allegations in the Original Complaint**

The claims asserted in the complaint took place at SCI-Frackville where Pew maintains that Defendants refused to stop the approval/authorization of his placement in the torture chair, and would not intervene to stop its use. He claims Defendants approved the use of the torture chair for periods of eight (8) hours, thereby depriving him exercise from his neck to his spine for the period of time he was in the chair. He further alleges that the straps from the chair cut his flesh. He claims that he has sciatica nerve and disc issues, as well as cardio disease, and therefore should not have been placed in the chair. He alleges that he filed a grievance (#380655) with respect to this issue. As relief, he requests that the chair stop being used and also seeks monetary damages.[1]

---

[1] Any claim for injunctive relief is now moot in that Pew has been transferred from SCI-Frackville where the incidents are alleged to have occurred. There is nothing in the record to indicate that there exists a reasonable probability he will

3

## II. Motion for Reconsideration on Denial of Counsel

In his motion for the appointment of counsel, Pew claimed that: (1) he is unable to afford counsel; (2) he cannot litigate this case on his own because he only receives 8 envelopes each month; and (3) he has been diagnosed with mental illness and is mentally unstable. (Docs. 14, 15.)

In addressing his request, the court advised Pew that although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002)(citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d

---

return there. It is well-established that a prisoner's transfer from a prison moots his claims for injunctive relief since he is no longer subject to the conditions he alleges are unconstitutional. Abdul-Akbar v. Watson, 4 F.3d 195, 206-07 (3d Cir. 1993); see also Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir. 1981)("[A] prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge.").

4

Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. For purposes of the motion, the court assumed that Pew's case has arguable merit in law and the facts.

In clearing the above hurdle, the court next examined the following factors:

1. The plaintiff's ability to present his or her own case;

2. The difficulty of the particular legal issues;

3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. The plaintiff's capacity to retain counsel on his or her own behalf;

5. The extent to which a case is likely to turn on credibility determinations; and

6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

In doing so, the court found that Pew's request for counsel failed to set forth any special circumstances or factors that would warrant the appointment of counsel. Tabron, 6 F.3d at 155-56. The pleadings submitted up until that point did not contain complicated legal issues. In fact, the complaint raises a single issue. Further, although Pew raised serious allegations with respect to the use of a torture chair, it was noted that he is no longer confined at the prison where the incidents were taking

place. In addition, while Pew submitted documentation attached to his motion for counsel verifying that he was diagnosed with mental illness, said records were almost three (3) years old. When reviewing the complaint and other documents submitted, it was obvious that Pew is literate and clearly able to litigate this action on his own. He had thus far filed motions which cited to relevant legal precedent, and set forth logical and comprehensible arguments in support of his position. While he may be indigent, he clearly appeared capable of representing himself in this action, particularly in light of the fact that he is a very experienced litigator in this district, and familiar with the requirements of pursuing a civil rights action in this court. For these reasons, his request for counsel was denied.

In now seeking reconsideration of this decision, Pew merely reargues the arguments he already presented to the court. These arguments have been considered by the court and rejected. For these reasons, his motion for reconsideration (Doc. 36) will be denied.

**III. Motion to Amend/Correct Complaint**

Remaining before the court is Pew's motion to amend/correct the original complaint, as well as the issue of the two remaining Defendants who have not yet been served with the complaint. In moving to amend/correct, Pew simply seeks to add the Department of Corrections ("DOC"), John E. Wetzel, Secretary of the DOC, and Jon D. Fisher, former Superintendent at SCI-Frackville, as Defendants in this

action. The allegations in the proposed amended complaint (Doc. 30) are basically the same as those set forth in the original complaint, with the exception that Pew sets forth the newly identified Defendants' involvement in the incidents alleged. Pew claims he was deliberately misled with respect to who employed and supervised Defendants Harris and O'Donnell and now seeks to rectify this situation by clarifying his allegations and adding the additional defendants.

The court will grant Pew's motion to amend/correct and will construe the standing complaint is this action to consist of Documents 2 and 30. The Clerk of Court will make the appropriate notation on the docket. The Clerk will also add the DOC, Wetzel and Fisher as Defendants on the docket. In addition, the United States Marshal will be directed to service a copy of the standing complaint (Docs. 2 and 30) on the Department of Corrections, as well as DOC employees Harris, O'Donnell, Wetzel and Fisher. An appropriate order follows.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ALFONSO PERCY PEW, :
:
Plaintiff :
:
v. : CIVIL NO. 3:CV-12-1984
:
R.N. HARRIS, et al., : (Judge Kosik)
:
Defendants :

## ORDER

**NOW, THIS** 15th **DAY OF JANUARY, 2014,** in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff's motion for reconsideration of the denial of appointment of counsel (Doc. 36) is **denied**.

2. Plaintiff's motion to amend/correct the complaint (Doc. 28) is **granted**. The standing complaint in this matter consists of Documents 2 and 30. The Clerk of Court is directed to make the appropriate notation to the document. In addition, the Clerk is directed to add as Defendants to the docket the Pennsylvania Department of Corrections, John E. Wetzel and Jon D. Fisher.

3. The United States Marshal is directed to serve the standing complaint (Docs. 2 and 30) and a copy of this order on Defendants Harris, O'Donnell, DOC, Wetzel and Fisher.

  _____
EDWIN M. KOSIK
United States District Judge