FILED
SCRANTON

AUG 0 4 2014

PER _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ALFONSO PERCY PEW, :
 :
    Plaintiff :
 :
v. : CIVIL NO. 3:CV-12-1984
 :
R.N. L. HARRIS, et al., : (Judge Kosik)
 :
    Defendants :

## MEMORANDUM

This civil rights action pursuant to 42 U.S.C. § 1983 was filed by Alfonso Percy Pew. He is currently confined at the State Correctional Institution at Rockview, Pennsylvania. In the original complaint, Pew named the following as Defendants: R.N. L. Harris, R.N. O'Donnell and Corizon, Inc.[1] On January 16, 2014, Plaintiff's motion to amend/correct his complaint was granted, and the standing complaint in this matter was construed to consist of Documents 2 and 30. (Doc. 43.) The Clerk of Court was directed to add to the docket as Defendants the Pennsylvania Department of Corrections, John E. Wetzel and Jon D. Fisher. Service of the standing complaint was directed on the new Defendants. (Id.) Presently pending are Pew's proposed

---

   [1] Defendant Corizon, Inc. was dismissed from this action on July 24, 2013. (Doc. 26.)

second amended complaint and his motions "to relate case and alternative to appointment of counsel" (Doc. 47) and "to preserve a 2nd Amendment on the issue of torture cell" (Doc. 48). Also pending is Defendants' motion to dismiss the standing amended complaint. (Doc. 52.)

## I. Background

Pew maintains that while confined at SCI-Frackville, his former place of incarceration, Defendants refused to stop the approval/authorization of his placement in the torture chair, and did not intervene to stop its use. He claims Defendants approved the use of the torture chair for periods of eight (8) hours, thereby depriving him exercise from his neck to his spine for the period of time he was in the chair. He further alleges that the straps from the chair cut his flesh. He claims that he has sciatica nerve and disc issues, as well as cardio disease, and therefore should not be placed in the chair. He does state that he filed a grievance (#380655) with respect to this issue. As relief, he requests that the chair stop being used and seeks monetary damages. Prior to service of the complaint on Defendants Harris and O'Donnell, Pew moved to amend the complaint simply to add as Defendants the Pennsylvania Department of Corrections, Secretary of the DOC John E. Wetzel, and former Superintendent at SCI-Frackville Jon D. Fisher. His request was granted. The standing complaint was construed to consist of Documents 2 (original complaint) and 30 (amendment thereto). Service was directed on the newly added Defendants, as

well as Defendants Harris and O'Donnell, at the new addresses provided by Pew. (Doc. 42.)

Shortly thereafter, Pew filed a proposed second amended complaint. (Doc. 45.) He also filed a motion "to relate case and alternative to appointment of counsel" (Doc. 47) and motion "to preserve a 2nd Amendment on this issue of torture cells." (Doc. 48.) Defendants have filed a motion to dismiss or for more definite statement with respect to the standing complaint. (Doc. 52.) This motion is fully briefed.

## II. Discussion

### A. Motion "to relate case and alternative to appointment of counsel"

Pew has filed a motion seeking to "relate" the instant case to Civil Action No. 13-0635, another civil rights action pending in this District. The latter action is a counseled case filed by the Disability Rights Network of Pennsylvania against John Wetzel. The action is filed on behalf of prisoners diagnosed with severe mental illnesses who are inmates in the RHU units in various Pennsylvania prisons under a myriad of alleged unconstitutional conditions.

Pew's motion will be denied for the following reasons. First, there is no evidence that Pew falls within the group of Plaintiffs upon whose behalf this case is filed. In addition, the scope of the complaint in Civil Action 13-0635 far exceeds the scope of Pew's complaint and the case appears to be close to resolution.

### B. Motion "to preserve a 2nd Amendment" on the issue of torture/glass cage cells

Pew has also filed a motion wherein it appears he seeks to preserve the possibility of filing amendments to his complaint in the future to raise issues including his confinement in "hard dry cells" since March of 2011, "glass cage cells" since early October of 2013, and other claims occurring after the filing of the instant action. It seems he has not exhausted his administrative remedies with respect to these matters and may be in the process of now doing so. For that reason alone, his motion to preserve will be denied. A plaintiff must exhaust his administrative remedies prior to initiating an action with respect to said claims. See Banks v. Roberts, 251 F. App'x 774 (3d Cir. 2007); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002). In addition, these claims are more properly pursued in a new civil action in that some arose well after the filing of the pending complaint, concern new incidents, and most likely new defendants. As such, the motion will be denied.

### C. Defendants' Motion to Dismiss

The standing complaint in this matter consists of the original complaint (Doc. 2) and the amendment to the complaint (Doc. 30) allowed by the court pursuant to Pew's motion to amend filed in August of 2013. Although he submitted what appears to be a proposed second amended complaint on January 17, 2014 (Doc. 45), he failed to file a motion and supporting brief seeking leave to file any further amendment and

his proposed document was never accepted by the court. In the proposed document, he seeks to add defendants, as well as alternative theories of relief and new claims.

On May 1, 2014, Defendants filed a motion to dismiss or for more definite statement (Doc. 52) with respect to the standing amended complaint (Docs. 2 and 30). The motion is fully briefed by the parties. In the motion, Defendants first seek a more definite statement seeking clarification from Plaintiff as to when and where he was in the restraint chair, what the named Defendants did or failed to do for him, and how the named supervisory Defendants were involved in any constitutional violations.

The court will grant Defendants motion to the extent that Plaintiff will be directed to file a new complaint specifically setting forth these details and associating each named Defendant with the alleged unconstitutional conduct they engaged in. The amended complaint must be a new complaint that stands on its own and does not refer back to the standing complaint, and is restricted to those Defendants that are currently named in and remain in this action - Defendants Harris, O'Donnell, Pennsylvania Department of Corrections, Wetzel and Fisher. Plaintiff is not to exceed the scope of the claims or Defendants raised in the original complaint or they will be stricken. In addition, the Clerk of Court will be directed to strike and return to Plaintiff his proposed second amended complaint (Doc. 45) in that it is without leave and is improper in that it includes new defendants and new claims. An appropriate order follows.