## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALFONSO PERCY PEW,** | : | **CIVIL NO. 3:12-CV-1984** |
| | : | |
| Plaintiff, | : | (Judge Kosik) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **JOHN WETZEL, et al.,** | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

**I.      Statement of Facts and of the Case**

This case is an inmate *pro se* lawsuit filed by a state prisoner, Alfonso Pew. According to Pew's amended complaint, which appears to be the operative pleading in this case, (Doc. 61.), on August 9, 2011, two prison staff nurses at the State Correctional Institution Huntingdon, Lois Harris and B. O'Donnell, placed Pew in a restraint chair, a device which Pew describes as a "torture chair", for an eight hour period without proper medical authorization. Liberally construed, Pew's amended complaint appears to allege that this eight hour period of confinement in restraints constituted cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. (Id.) After reciting these facts, Pew's amended complaint

then seeks injunctive relief along with compensatory and punitive damages from the defendants.

The amended complaint, which is a fairly opaque pleading, then seems to name as many as five correctional defendants. These defendants include the Pennsylvania Department of Corrections; the two nurses who allegedly placed Pew in this restraint chair without authorization, defendants Harris and O'Donnell; and two prison supervisors, John Wetzel, the Secretary of the Department of Corrections, and Jon Fisher, the Superintendent of the prison. (Id.) As to these individual supervisory defendants, Pew does not allege that they played any role whatsoever in the decision to place him in restraints. Instead, the well-pleaded allegations in Pew's complaint simply seem to fault these supervisors for an inadequate response after-the-fact to his complaints concerning the treatment he received on August 9, 2011. (Id.)

We have recommended that the motion to dismiss be granted, in part, and denied, in part. Specifically, we have recommended that defendants Wetzel, Fisher and Department of Corrections be dismissed from this action. It is further recommended that a defendant previously named in this lawsuit but not mentioned in Pew's amended complaint, Corizon, Inc., also be dismissed. (Doc. 77.) While this motion to dismiss has been pending, Pew has now moved to compel discovery. (Doc.

86.) The defendants, in turn, seek a stay of discovery pending resolution of the motion to dismiss. (Doc. 89.)

For the reasons set forth below, IT IS ORDERED that discovery is stayed pending the resolution of this motion to dismiss..

**II.     Discussion**

Several basic guiding principles inform our resolution of the instant discovery matter. Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

We note that this broad discretion over discovery matters extends to decisions under Rule 26(c) relating to the issuance of protective orders limiting and regulating the timing of discovery. Indeed, it is undisputed that: " '[t]he grant and nature of [a protective order] is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion.' Galella v. Onassis, 487 F.2d 986, 997 (2d Cir.1973) (citation omitted)." Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992).

This discretion is also guided, however, by certain basic principles. One of these cardinal principles, governing the exercise of discretion in this field, is that the district court may properly defer or delay discovery while it considers a potentially dispositive pretrial motion, provided the district court concludes that the pretrial motion does not, on its face, appear groundless. See, e.g., James v. York County Police Dep't, 160 F.App'x 126, 136 (3d Cir. 2005); Nolan v. U.S. Dep't of Justice, 973 F.2d 843, 849 (10th Cir. 1992); Johnson v. New York Univ. Sch. of Ed., 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Briefly deferring discovery in such a case, while the court determines the threshold issue of whether a complaint has sufficient merit to go forward, recognizes a simple, fundamental truth: Parties who file motions which may present potentially meritorious and complete legal defenses to civil actions should not be put to the time, expense and burden of factual discovery until after these claimed legal defenses are addressed by the court. In such instances, it is clearly established that:

> "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.'" In re Currency Conversion Fee Antitrust Litigation, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (quoting Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10 (S.D.N.Y.1991)) (citing Flores v. Southern Peru Copper Corp., 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); Anti-

Monopoly, Inc. v. Hasbro, Inc., 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)).

Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

Guided by these legal tenets we conclude that discovery should be briefly stayed at this time to allow for consideration of the Report and Recommendation which recommends dismissal of some claims and parties from this action. An appropriate order follows:

## III. Order

Accordingly, for the foregoing reasons, the plaintiff's motion to compel (Doc. 86.) is DENIED, and discovery is STAYED pending resolution of the potentially dispositive motion filed by the defendant.

So ordered this 19th day of November 2015.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge