UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

_____

ALFONSO PERCY PEW,
            Plaintiff,
    v.                            CIVIL ACTION NO. 3:12-CV-1984
JOHN WETZEL, et al.,               (Judge Kosik)
            Defendants.
_____

**MEMORANDUM**

      Before the court are two Reports and Recommendations filed by Magistrate Judge Martin C. Carlson. The first Report and Recommendation (Doc. 77) filed on September 10, 2015, recommends that Defendant's Motion to Dismiss (Doc. 62) be granted in part and denied in part. The second Report and Recommendation (Doc. 85) filed on October 30, 2015, recommends that the Plaintiff's Motion for Injunctive Relief (Doc. 81) be denied. Objections have been filed to the Reports and Recommendations. The Objections will be addressed herein.

BACKGROUND

      Plaintiff, Alfonso Percy Pew, an inmate confined at the State Correctional Institution- Forest, Marienville, Pennsylvania, filed the instant civil rights action in the United States District Court for the Eastern District of Tennessee on September 24, 2012. The action was transferred to this Court on October 3, 2012. An Amended Complaint (Doc. 61), which is the basis for the instant Motion to Dismiss and first Report and Recommendation, was filed on September 3, 2014.

      As the Magistrate Judge points out, Plaintiff asserts that on August 9, 2011, two prison staff nurses at SCI- Smithfield[1] placed Plaintiff in a restraint chair, which

---

[1] Based on information provided by Defendants, it appears that the action is based on incidents which occurred while Plaintiff was housed at the State Correctional Institution- Smithfield, Huntingdon, Pennsylvania.

Plaintiff describes as a "torture chair" for eight hours, in violation of the Eighth Amendment. Plaintiff seeks injunctive relief and damages.

The Defendants filed a Motion to Dismiss (Doc. 62), which was addressed by the Magistrate Judge in a Report and Recommendation filed on September 10, 2015 (Doc. 77). Plaintiff filed Objections to the Report and Recommendation (Doc. 82) and the Defendants filed a Response to the Plaintiff's Objections (Doc. 83). The second Report and Recommendation (Doc. 85), addresses Plaintiff's Motion for Injunctive Relief (Doc. 81). Plaintiff filed Objections (Doc. 90) to the Report and Recommendation.

DISCUSSION

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a de novo determination of those portions of the Report to which objections are made. 28 U.S.C. §636(b)(1)(C); see Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. §636(b)(1); Local Rule 72.3. Although our review is de novo, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

A. REPORT AND RECOMMENDATION OF SEPTEMBER 10, 2015 (Doc. 77)

As the Magistrate Judge points out, the Amended Complaint (Doc. 61) appears to name as Defendants the Pennsylvania Department of Corrections; Lois Harris and B. O'Donnell, the two nurses who allegedly placed Plaintiff in the restraint chair; John Wetzel, the Secretary of the Department of Corrections; and Jon Fisher, the Superintendent of the prison. After discussing the legal standard for a Motion to

Dismiss and the standard for setting forth a claim for supervisory liability, the Magistrate Judge found that Plaintiff has failed to allege sufficient facts to give rise to a supervisor liability claim against Defendants, Wetzel and Fisher, the Secretary of the Department of Corrections and the Superintendent of the prison, respectively.

The Magistrate Judge also finds that the Pennsylvania Department of Corrections should be dismissed from this action on the basis of the Eleventh Amendment and because a state agency is not a person under 42 U.S.C. §1983. The Magistrate Judge finds that Plaintiff's claims for injunctive relief are moot because Plaintiff is no longer housed at the facility where the August 2011 incident allegedly occurred. Finally, the Magistrate Judge finds that Defendant Corizon, Inc., which was named in the original complaint, should be dismissed[2]. The Magistrate Judge finds that disputed issues of fact preclude dismissal of Defendants Harris and O'Donnell.

In his Objections to the Report and Recommendation, Plaintiff provides additional information against Defendants Wetzel and Fisher, which he asserts establishes their direct involvement in his claims and refers to several regulations and policies, which were allegedly violated by these defendants. He also objects to findings as to the Department of Corrections and the Eleventh Amendment. Plaintiff also objects to the Magistrate Judge's findings that his claim for injunctive relief is moot.

We note that as to the Report and Recommendation, which deals with the Amended Complaint (Doc. 61), we agree with the findings and conclusions of the Magistrate Judge and we will adopt the Report and Recommendation. Following the filing of the Report and Recommendation, Plaintiff filed several motions seeking to supplement/amend his complaint. On January 11, 2016, the Magistrate Judge

---

[2] We note that in his Objections, Plaintiff states that he does not object to Defendant Corizon, Inc. being dismissed from this action (Doc. 82, p. 2).

entered a Memorandum and Order (Doc. 96) directing the Plaintiff to file a comprehensive proposed amended complaint. Plaintiff has complied with this Order and so we will refer this matter back to the Magistrate Judge for further proceedings.

B. REPORT AND RECOMMENDATION OF OCTOBER 30, 2015 (Doc. 85)

In this Report and Recommendation, the Magistrate Judge discusses Plaintiff's Motion for Injunctive Relief (Doc. 81). After discussing the four factors surrounding the granting of a motion for preliminary injunction, the Magistrate Judge recommends that the Motion be denied. Specifically, the Magistrate Judge finds that Plaintiff failed to sustain his burden that there is a reasonable likelihood of success on the merits and that he will be irreparably harmed if the relief is not granted. Moreover, the Magistrate Judge finds that Plaintiff is seeking to enjoin non-parties and the requested relief goes beyond preserving the status quo.

Plaintiff filed Objections (Doc. 90) to the Report and Recommendation discussing the necessity of recovering his evidence and his property and the need for legal assistance. Plaintiff requests a video conference.

We agree with the Magistrate Judge that Plaintiff has not satisfied the requirements for preliminary injunctive relief. Thus, we will adopt the Report and Recommendation of the Magistrate Judge.