UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ALFONSO PERCY PEW,

        Plaintiff,    :    Civil Action No. 3:12-CV-1984

        v.    :    (Judge Kosik)

R.N. HARRIS, et al,

        Defendants.

## MEMORANDUM

Before this Court are three Report and Recommendations ("R&R") by United States Magistrate Judge Martin C. Carlson. The first R&R (Doc. 113) filed on May 5, 2016, recommends that Plaintiff's motion to file a second amended complaint (Docs. 99-101) be denied. The second R&R (Doc. 123) filed on July 25, 2016, recommends that Defendants' motion to dismiss Plaintiff's proposed second amended complaint (Doc. 103) be granted, with the exception of Plaintiff's previously filed Eighth Amendment claim against Defendants O'Donnell and Harris. The third R&R (Doc. 124), filed on July 27, 2016, recommends that Plaintiff's motion for a temporary restraining order pursuant to FRCP 65(b) (Doc. 110) be denied. Objections have only been filed to the first R&R (Doc. 113) by Plaintiff (Doc. 115 and 116). The three R&R's will be addressed herein.

### I. BACKGROUND

Plaintiff, Alfonso Percy Pew, an inmate now confined at the State Correctional Institution- Greene, in Waynesburg, Pennsylvania, filed the instant civil rights action in the

United States District Court for the Eastern District of Tennessee on September 24, 2012. The action was transferred to this Court on October 3, 2012. An Amended Complaint (Doc. 61), was filed on September 3, 2014. Plaintiff asserts that on August 9, 2011, two prison staff nurses at SCI-Smithfield, in Huntingdon, Pennsylvania, placed Plaintiff in a restraint chair, which Plaintiff describes as a "torture chair" for eight hours, in violation of the Eighth Amendment. On March 14, 2016, this Court adopted the September 10, 2015, R&R (Doc. 77) of Magistrate Judge Martin C. Carlson, dismissing all but Defendants O'Donnell and Harris from the current suit. (Docs. 107 and 108).

On February 1, 2016, Plaintiff filed a motion seeking leave to file a second amended complaint (Docs. 99-101), which was addressed by the Magistrate Judge in an R&R filed on May 4, 2016 (Doc. 113). Plaintiff filed objections to the R&R (Docs. 115 and 116), and Defendants filed a response to Plaintiff's objections (Doc. 117). Additionally, on February 17, 2016, Defendants filed a motion to dismiss Plaintiff's proposed second amended complaint (Doc. 103), which was addressed by the Magistrate Judge in his July 25, 2016 R&R (Doc. 123). Finally, on July 27, 2016, the Magistrate Judge issued an R&R (Doc. 124), addressing Plaintiff's April 18, 2016, motion for injunction (Doc. 110). No objections have been lodged against the July 25, 2016, R&R (Doc. 123) or the July 27, 2016, R&R (Doc. 124).

## II. DISCUSSION

When objections are filed to an R&R of a Magistrate Judge, we must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

Magistrate Judge. 28 U.S.C. § 636(b)(1); Local Rule 72.31. Although our review is *de novo*, we are permitted to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. See United States v. Raddatz, 447 U.S. 667, 676 (1980); see also Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984). For the portions not objected to, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

**A. REPORT AND RECOMMENDATION OF MAY 4, 2016 (DOC. 113)**

Upon reviewing Plaintiff's motion to file a second amended complaint (Docs. 99-101), the Magistrate Judge found that to grant the same would "compound the confusion in this litigation by embracing 16 defendants and a multiplicity of unrelated and ill-defined claims, while evading the bar on further *in forma pauperis*" filings imposed upon Plaintiff. (Doc. 113, at 3). Upon setting forth the legal standard for amending and supplementing pleadings, the Magistrate Judge found that Plaintiff's proposed amendments would yield undue delay in the resolution of the merits of the claims. Specifically, the Magistrate Judge found that not only has this litigation been pending for four years, but Plaintiff's proposed claims are wholly distinct and unrelated to the current litigation. The Magistrate Judge found that there is no "single, coherent legal, logical, topical or temporal connection between these various claims..." or that the allegations set forth in the proposed second amended complaint "arise out of the same transaction, occurrence or series of transactions or occurrences." (Doc. 113, at 9 and 10).

It appears that Plaintiff's objection to the R&R does not attack any substantive portion of the R&R, but rather, attacks the fact that an R&R was issued at all with regards to Plaintiff's motion to amend his complaint. Specifically, Plaintiff argues that the Magistrate Judge should

have issued an R&R on Defendants' motion to dismiss rather than on his second amended complaint, because he was previously ordered to file a second amended complaint. Plaintiff contends that this was an error, that the Magistrate Judge incorrectly issued an R&R on Plaintiff's motion to file a second amended complaint, and that this matter should be remanded back to the Magistrate Judge to "correctly rule on Defendants' Motion to Dismiss...." (Doc. 115, at 3).

We agree with the findings and conclusions of the Magistrate Judge and will adopt the May 4, 2016, R&R (Doc. 113). The Magistrate Judge was correct in issuing an R&R on Plaintiff's motion to file a second amended complaint (Docs. 99-101). Plaintiff was directed by the Magistrate Judge to prepare a "comprehensive proposed amended complaint" and to submit the same with a motion to amend. (Doc. 96). Subsequently, and pursuant to the Magistrate Judge's order (Doc. 96), Plaintiff filed a motion to amend his complaint along with a proposed second amended complaint, seeking leave of court to file the proposed amended complaint. (Docs. 99-101). Thus, having complied with the procedural aspect of the Magistrate Judge's order (Doc. 96), and this Court's acknowledgment of Plaintiff's procedural compliance of filing his comprehensive proposed amended complaint (Docs. 107 and 108), we referred the matter back to the Magistrate Judge for further proceedings. (Doc. 107, at 4). Clearly, then, Plaintiff's motion to file a second amended complaint was ripe for disposition before the Magistrate Judge.

Because the Plaintiff's motion was ripe for disposition before the Magistrate Judge, the R&R issued by the Magistrate Judge was clearly proper. For these reasons and for the reasons set forth by the Magistrate Judge in his May 4, 2016, R&R (Doc. 113), we will adopt the same.

**B. REPORTS AND RECOMMENDATIONS OF JULY 24, 2016 (DOC. 123) AND JULY 27, 2016 (DOC. 124)**

Plaintiff has not filed any objections to either the July 24 or July 27, 2016, R&R's of the Magistrate Judge. If no objections are filed to a Magistrate Judge's Report and Recommendation, the Plaintiff is not statutorily entitled to a *de novo* review of his claims. 28 U.S.C.A.§ 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-53 (1985). Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

We have considered the Magistrate Judge's Reports, and we concur with his recommendations. Specifically, in the Magistrate Judges July 24, 2016, Report (Doc. 123), he recommends that the Plaintiff's proposed second amended complaint be dismissed for several reasons. The Magistrate Judge finds that the proposed amended complaint would yield undue delay in the resolution of the merits of the claims and would join separate acts and disparate parties with no single, coherent legal, logical, topical or temporal connection between the various claims. Additionally, the Magistrate Judge finds that many of the claims set forth in the proposed pleading fail as a matter of law.

We agree with the Magistrate Judge that the proposed second amended complaint would yield undue delay and would attempt to join separate acts and disparate parties. Moreover, Plaintiff's proposed claims against the additional defendants he seeks to add "consist of little more than assertions of *respondeat superior* liability, coupled with dissatisfaction with the processing of this inmate's past grievances," claims falling short of a constitutional tort claim as a matter of law. As such, for these reasons and the reasons set forth in the Magistrate Judge's

July 24, 2016, R&R (Doc. 123), we will adopt the same. Thus, the only remaining claims and defendants in the present litigation are the August 2011 Eighth Amendment claims against Defendants O'Donnell and Harris.

Finally, as to the July 27, 2016, R&R (Doc.124), the Magistrate Judge discusses Plaintiff's Motion for Injunctive Relief (Doc. 110). After discussing the four factors surrounding the granting of a motion for a preliminary injunction, as well as statutory provisions setting forth limitations on the power of courts to enter injunctions in a correctional context, the Magistrate Judge recommends that the motion be denied. Specifically, the Magistrate Judge finds that Plaintiff's motion concerns events that are unrelated to the subject of his complaint and concerns conduct of persons other than the named defendants; ignores basic venue principles; fails to sustain his burden that there is a reasonable likelihood of success on the merits; and that he will be irreparably harmed if relief is not granted.

We agree with the Magistrate Judge that the Plaintiff has not satisfied the requirements for preliminary injunctive relief. Thus, we will adopt the July 27, 2016, R&R (Doc. 124).