# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALFONSO PERCY PEW, | No. 3:12-CV-01984 |
| Plaintiff. | (Judge Brann) |
| v. | (Magistrate Judge Carlson) |
| LOIS HARRIS and BRIAN O'DONNELL, | |
| Defendants. | |

## MEMORANDUM OPINION

### JANUARY 19, 2018

Defendants moved to dismiss Plaintiff's Amended Complaint. Magistrate Judge Martin C. Carlson recommended granting that motion. For the reasons that follow, Magistrate Judge Carlson's Report and Recommendation is accepted in part, and Defendants' Motion to Dismiss is granted.

**I.     BACKGROUND**[1]

In 2011, Plaintiff Alfonso Percy Pew was an inmate at the Pennsylvania State Correctional Institution at Smithfield ("SCI-Smithfield").[2] On August 9, 2011, Mr. Pew was strapped into a "restraint chair" for eight hours after covering

---

[1]  The facts in this section are undisputed, and all inferences have been drawn in favor of Mr. Pew.  *See* Standard of Review, *infra* § II.A.

[2]  ECF No. 192, Ex. 1 (Deposition of Mr. Pew) at 16.

the camera in his cell with feces and paper.³  Defendant Lois Harris, R.N., medically cleared Mr. Pew's placement in the restraint chair and assessed him after he was secured in it.⁴  Approximately every two hours, Mr. Pew's restraints were temporarily removed and he was permitted to exercise his extremities, during which times he was observed and examined by Defendant Brian O'Donnell, R.N.⁵  In deposition, Mr. Pew stated that his restraint resulted in abrasions to his torso, swelling of his fingers, discoloration of his skin, and back pain.⁶

On September 24, 2012, Mr. Pew initiated the instant suit,⁷ and in his Second Amended Complaint he argues that Defendants' conduct constituted cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.⁸  On July 27, 2017, Defendants moved for summary judgment, and on November 9, 2017, Magistrate Judge Carlson recommended that Defendant's motion be granted.

---

3   ECF No. 192, Ex. 5 (Declaration of Captain Joel Kohler) ¶ 6.
4   *Id.* ¶¶ 6, 7.
5   ECF No. 192, Ex. 4 (Declaration of Brian O'Donnell) ¶ 5.
6   ECF No. 192, Ex. 1 at 35, 38, 43, 46.
7   ECF Nos. 1, 2.
8   ECF No. 61 at 5.

## II. DISCUSSION

### A. Standard of Review

Summary judgment is granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[9] A dispute is "genuine if a reasonable trier-of-fact could find in favor of the non-movant," and "material if it could affect the outcome of the case."[10] To defeat a motion for summary judgment, then, the nonmoving party must point to evidence in the record that would allow a jury to rule in that party's favor.[11] When deciding whether to grant summary judgment, a court should draw all reasonable inferences in favor of the non-moving party.[12]

### B. Excessive Use of Force

The Eighth Amendment "bar[s] prison officials from using excessive force against inmates" and also imposes "affirmative duties on [those officials] to provide humane conditions of confinement."[13] These rights are enforced, respectively, through "excessive force" claims and "conditions of confinement"—

---

[9] Federal Rule of Civil Procedure 56(a).

[10] *Lichtenstein v. University of Pittsburgh Medical Center*, 691 F.3d 294, 300 (3rd Cir. 2012) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 252 (1986).

[11] Federal Rule of Civil Procedure 56(c)(1); *Liberty Lobby*, 477 U.S. at 249.

[12] *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

[13] *Young v. Martin*, 801 F.3d 172, 177 (3d Cir. 2015).

also known as "deliberate indifference"—claims.[14] Mr. Pew has repeatedly emphasized that he is proceeding under an "excessive force" theory,[15] which requires consideration of "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted."[16]

There are several recent cases analyzing the Eighth Amendment implications of the use of mechanical restraints (such as the restraint chair here) on prison inmates.[17] However, this Court need not decide the constitutional issue presented, since—as the Report and Recommendation concludes—Defendants are entitled to qualified immunity.[18] In August 2011, there was no "pre-existing law" showing that "the unlawfulness [of Defendants' actions was] apparent."[19] That is to say, it was not "sufficiently clear that a reasonable official [in the Defendants' shoes]

---

[14] *Id.* at 178.

[15] *See, e.g.*, ECF No. 196 at 3-4 (Mr. Pew's Opposition to Defendants' Motion for Summary Judgment) ("Plaintiff[s] case is not about medical deliberate indifference. Plaintiff has not and is not challenging any medical treatment, examination, or dispensing of . . . medications. . . . Plaintiff[']s claim is a[n] 8th Amendment violation for excessive force.") (emphasis in original).

[16] *Young*, 801 F.3d at 177 (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)).

[17] *See, e.g.*, *Hope v. Pelzer*, 536 U.S. 730 (2002); *Young*, 801 F.3d 172; *Diaz v. Director Federal Bureau of Prisons*, 2017 WL 5564566 (3d Cir. 2017); *Gilliam v. Pearce*, 2017 WL 5015994 (W.D. Pa. 2017).

[18] *See Pearson v. Callahan*, 555 U.S. 223, 236 ("The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.")

[19] *Hope*, 536 U.S. at 739.

would understand that" he was subjecting an inmate to constitutionally excessive force by either (1) medically clearing an inmate for placement in a restraint chair or (2) observing and examining an inmate while in that chair. Therefore, the Eighth Amendment claims against Defendants will be dismissed.

## III. CONCLUSION

For the reasons discussed *supra*, Defendants' Motion for Summary Judgment will be granted. The portion of Magistrate Judge Carlson's Report and Recommendation concerning qualified immunity will be accepted, and judgment will be entered in favor of the Defendants.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge